# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Aaron J. Solinsky

                           Plaintiff/Petitioner,

      -against-                                 Index No. _EF 01126 7-2018_

Forster & Garbus LLP, Capital One Bank LP

                           Defendant/Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF ELECTRONIC FILING
**(Residential Mortgage Foreclosure and Consumer Credit Transaction Cases)**

**You have received this Notice because:**

- The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and
  - You are a Defendant/Respondent (a party) in this case.
    (CPLR § 2111, Uniform Rule § 202.5-bb(a)(2)(v) and (vi))

**If you are represented by an attorney:** give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney: you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.**

### Benefits of E-Filing

You can:

- serve and file your documents electronically
- view your case file on-line
- limit your number of trips to the courthouse
- pay any court fees on-line.

There are no additional fees to e-file, view, or print your case records.

To sign up for e-filing or for more information about how e-filing works, you may:

- visit: www.nycourts.gov/efile-unrepresented or
- go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

**RECEIVED**

**NOV 2 1 2018**

Richmond Legal Dept

           EFM-1

## Information for Attorneys

ı attorney representing a party who is served with this notice must either consent or ecline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile.

Attorneys decling to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 11/12/2018

EDWARD B. GELLER
_____
Name

Edward B Geller, ESQ, PC
_____
Firm Name

15 Landing Way
_____
Address

Bronx, New York 10464
_____

914-473-6783
_____
Phone

ebgesq@gmail.com
_____
E-Mail

To:   _____

      _____

      _____

3/7/18

SUPREME   COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
AARON J. SOLINSKY, on behalf of himself and,
others similarly situated,

                  Plaintiff,                Index No.

                                              SUMMONS

          -against-

FORSTER & GARBUS LLP and CAPITAL ONE BANK LP,

                Defendants,

---------------------------------------------------------------------

To the above named Defendant(s):

      Y O U   A R E   H E R E B Y   S U M M O N E D to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).   In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is Plaintiff's address.

Dated:   November 6, 2018

Edward B. Geller, Esq., P.C., Of Counsel to
M. Harvey Rephen & Associates, P.C.        To: Forster & Garbus LLP
Attorney for Plaintiff                      Defendant
15 Landing Way                         60 Motor Parkway
Bronx, New York 10464                Commack, NY   11725
Tel.(914)473-6783

Capital One Bank LP
1680 Capital One Drive
McClean, VA   22102

SUPREME COURT OF THE STATE OF NEW YORK
ORANGE COUNTY
----------------------------------------------------------------X

AARON J SOLINSKY, on behalf of himself                    Index No.·
and others similarly situated,

                              Plaintiff,

            -against-                          **CLASS ACTION COMPLAINT**

                              Defendant(s)

FORSTER & GARBUS LLP &                                    •
CAPITAL ONE BANK LP
----------------------------------------------------------------X

Plaintiff AARON J SOLINSKY  ("Plaintiff"), by and through his  attorney, M. Harvey

Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel,  as and for his

Complaint against the Defendants FORSTER & GARBUS LLP & CAPITAL ONE BANK

(hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon

information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1       Plaintiff brings this action on his  own behalf for damages and declaratory and

injunctive relief arising from the Defendants' violation(s) of §1692 et seq. of Title 15 of the United

States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2.      Plaintiff AARON J SOLINSKY  is a  resident of the State of NEW YORK,

residing at 75 FOREST ROAD,  UNIT  213,  MONROE, NY 10950.

3.      Defendant FORSTER & GARBUS LLP IS  A NEW YORK corporation with an

address at 60 MOTOR PARKWAY  COMMACK, NY 11725.

4.      Defendant CAPITAL ONE BANK is a VIRGINIA corporation with an address at 1680 MCCLEAN, VA 22102,

5.      The Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a (3).

6.      The Defendants are "debt collectors" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

### ALLEGATIONS FOR CLASS ACTION

7      Plaintiff brings this action as a class action pursuant to C.P.L.R. 901, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class are Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants.  Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

8.      This Class satisfies all the requirements of C.P.L.R. 901 for maintaining a class action.

9.      The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

10.      The debt collection notices and/or letters/communications from Defendants,

received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendants violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendants' conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

14.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class

treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein

17.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

18.     Absent a class action, the Class members will continue to suffer losses borne from Defendants' breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants' conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

19.   Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.     During collection efforts initiated by Defendant FORSTER & GARBUS , Mr. Robert S Trainor  was  hired to file a Summons and Complaint against Plaintiff.

22.     Mr. Robert S Trainor filed with the Supreme Court State of New York, Orange County the aforementioned pleadings which included an Affidavit of Service for the Plaintiffs. Mr. Robert S Trainor swore that he had served said pleadings by leaving copies on the door since his prior attempts were unsuccessful. The Plaintiff was said to be served at a street address of 75 Forest Road Unit 213 Monroe, NY 10950 at 6:35 am.  The Plaintiff never received a copy of the summons

since the papers were left in a general public area on the door step of a small apartment complex. There are many families living there and therefore the Plaintiff did not receive proper service or receive the summons and complaint. They were not placed on the door of the apartment of the consumer or on the mailbox as stated in the affidavit.

23.     Since the Plaintiff never received a copy of the summons he did not respond to the courts in the allotted time frame given, which resulted in a judgement of $2,292.40 being granted against Mr. Solinsky under case number 2011004208.

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

24.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25.     15 USC §1692 e – preface prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

24.     Defendants violated 15 USC §1692 e – preface when they made false claims of proper service of process for the purpose of obtaining, under false pretenses, a Default Judgment in the Supreme Court State of New York Orange County. Defendants claimed to complete service of process upon the Plaintiff at his place of residence at75 Forest Road Unit 213 Monroe, NY 10950 Defendants have together instituted a policy of negligently and deceitfully failing to confirm the veracity of consumer information in their haste to pursue debt collection from the maximum number of consumers possible and thereby implement deceitful means and methods to obtain default judgments from consumers without their knowledge.

25.     15 USC §1692 f –preface prohibits a debt collector from using any unfair or

unconscionable actions in connection with the collection of a debt.

26.     The Defendants violated 15 USC §1692 f – preface by unfairly and unconscionably using lies and reprehensible and malicious means and methods to deceive the Court into granting default judgments which allows the Defendants to damage the Plaintiff and other debtors and consumers.

## SECOND CAUSE OF ACTION
### *(Intentional Abuse of Service of Process)*

27      Plaintiff(s) repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28.     Abuse of Process is improper use of a civil or criminal legal procedure for an unintended, malicious, or perverse reason. It is the malicious and deliberate misuse of regularly issued civil or criminal court process that is not justified by the underlying legal action. Abuse of process includes litigating actions in bad faith intended to delay the delivery of justice. Examples include serving legal papers on persons which have not actually been filed and, as in the instant case, falsely claiming service has been accomplished when it has not.

29.   In 2010, in response to proven abuse by debt collectors who engage in "sewer service," the City Council of New York passed Local Law 7, requiring process servers to keep detailed records of where they serve papers and to use GPS tracking to confirm they appeared where they said they appeared. The GPS records are held by third-party companies. Since that law was passed, the number of registered process servers in New York has been cut in half, from over 2,000 to just over 1,000. Aware of this, Defendants chose not to use a registered process service, but instead ordered agents and/or employees to sign falsified affidavits of service. A

false, fraudulent, or perjurious declaration of service of process misuses "the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice." *Meadows v. Bakersfield Savings & Loan Assoc*, (1967) 250 Cal. App.2d 749, 753, 59 Cal. Rptr. 34, 37. Because the process server acts with the imprimatur of the court, his misconduct cannot be tolerated. "To establish a cause of action for abuse of process, a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a willful act in a wrongful manner." (*Coleman v. Gulf Insurance Group* (1986) 41 Cal.3d 782, 792 [226 Cal.Rptr. 90, 718 P.2d 77], internal citations omitted.)

### (1) Ulterior Motive

30      Defendants deliberately and intentionally filed with the Clerk of the Supreme Court of New York, Orange  County, an Affidavit of Service containing specious and fictitious claims, specifically that service of process was made upon the Plaintiff when it was not and for the ulterior motive of Defendants for the purpose of debt collection.

### (2) Commission of Willful Act in a Wrongful Manner

31      Defendants willfully and intentionally used dishonest means and methods to accomplish debt collection objectives, wrongfully deceiving the Court into granting a Default Judgment against Plaintiff and others. Defendants knew that service of process was not accomplished, and that Plaintiff had no knowledge of Defendants' Summons and Complaint and yet wrongfully and deceitfully filed a bogus Affidavit of Service. Defendants' unscrupulous means and methods of falsifying service of process are part of a strategy which depends upon deliberately concealing Defendants' intentions from their targeted prey such as

Plaintiff which, was he actually and truthfully served process, would be revealed, thereby preventing consumers and Plaintiff from learning of Defendants' actions and having their day in court to their detriment until it is too late.  Defendants have thus used the process in a perverted manner to obtain a collateral objective (*Board of Educ  v Farmingdale Classroom Teachers Assn.*, 38 NY2d 397 [1975]).

32.       Pursuant to *Barquis v. Merchants Collection Assn* , (1972) 7 Cal.3d 94, 104 [101 Cal.Rptr. 745, 496 P.2d 817], where a collection agency intentionally filed actions in improper counties in order to impair the purported debtors' ability to litigate the dispute and to coerce easy settlements and the Court concluded: "Plaintiffs have sufficiently alleged facts which, if true, demonstrate that the agency has in the past been continually committing a gross "abuse of process" and that the agency threatens to continue this unlawful, tortious conduct in the future " Similarly, Defendants continue to conduct such abuse and can be expected to continue in future.

33.       As a result of Defendants' wrongful and dishonest actions to compel payment of a debt, Defendants are liable to Plaintiff for damages sustained because of Defendants' failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA), and other violations of the FDCPA and for malicious and abusive service of process

## THIRD CAUSE OF ACTION against ALL DEFENDANTS

### *(Violations of NY General Business Law § 349)*

### COUNT I

### *(Deceptive Trade Practices)*

34.     Plaintiff(s) repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35     Plaintiff is a consumer as that term is defined in New York, General Business Law section 349 (NY GBL Sec. 349)

36.     The described acts and practices involved "trade or commerce" as such terms are described in NY GBL Sec. 349, "a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

37.     An unfair or deceptive practice in the conduct of any trade or commerce is unlawful pursuant to NY GBL Sec. 349.

38.     Defendants made false representations to Plaintiff, including, but not limited to, their intention and decision to file a lawsuit against Plaintiff through the proper means of service of process and notification of same.

39.     The false information given by Defendants constitute false and misleading actions which were vexatious, wanton, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer and amounts to unfair and deceptive trade practices in violation of NY GBL Sec. 349.

40.     Defendants' actions and conduct would be offensive to persons of ordinary sensibilities

41.     Defendants' actions and conduct were not privileged, were deceptive, intent on obtaining a Judgment against Plaintiff

42.     Each verbal and written statement of Defendants stating that Plaintiff was served process and was apprised of Defendants' actions and was knowingly in default is an unfair,

deceptive and separate violation of NY GBL Sec. 349 a).

43      Each attempt by Defendants to characterize Plaintiff as apprised of a lawsuit against him is an unfair, deceptive and separate violation of NY GBL Sec  349 a).

44.     Defendants described acts and practices offend established public policy and/or are unprofessional, careless, unethical, oppressive, unscrupulous and/or substantially injurious to consumers and are therefore unfair in violation of NY GBL Sec  349.

45.     Defendants' described acts and practices involved material representations, omissions or practices that misled and deceived the Plaintiff and have been shown to have mislead other consumers acting reasonably under the circumstances and were therefore deceptive in violation of NY GBL Sec. 349 a).

46.     Pursuant to NY GBL Sec. 349, Plaintiff is a consumer who is injured by unfair and deceptive trade business practices, and is entitled for each unfair and deceptive trade business practice to be awarded a sum not less than $1,000.00 or threefold any damages, and reasonable attorneys' fees together with costs of this action.

## COUNT II

### *(Bad Faith)*

47.     Plaintiff(s) repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48.     Defendants owed the Plaintiff a fiduciary duty to deal with him  in good faith and in a fair manner.

49.    Defendants failed to deal with the Plaintiff in good faith and in a fair manner by failing to serve him properly, which would have informed the Plaintiff about the fact that Defendants had filed a lawsuit against him and that a default Judgment had been granted.

50.    As a result of Defendants' actions and conduct, the Plaintiff has suffered various injuries and damages in such amounts as shall be determined at the time of trial.

**COUNT III**

***(Misrepresentation)***

51.    Plaintiff(s) repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "50" herein with the same force and effect as if the same were set forth at length herein.

52.    Defendants have continuously and intentionally misrepresented the full nature of their agency and/or collection efforts omitting material facts and making numerous false representations to the Plaintiff for the obvious purpose of concealing from the Plaintiff their intention to obtain a Default Judgment against him.

53.    Defendants knew or should have known that their misrepresentations were false, misleading, vexatious, willful, wanton and malicious and that the Plaintiff would be unaware of Defendants' actions to their detriment.

54.    The Plaintiff asserts his claim for punitive damages for willful, wanton, vexatious and malicious misrepresentations in such amounts as will be proven at trial.

**COUNT IV**

***(Defamation)***

55.     Plaintiff(s) repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "54" herein with the same force and effect as if the same were set forth at length herein.

56.     Defendants negligently and/or recklessly and/or intentionally published or caused to be published slanted and defamatory statements about the Plaintiff and Plaintiff's credit to third-parties and/or others, thereby placing his ability to seek and find credit in jeopardy.

57.     The actions by Defendants lacked any justification or privilege and it was an abuse of legitimate legal means to improperly litigate while knowing that the Plaintiff was not cognizant of such actions.

58      As a direct and proximate result of the defamation by Defendants, the Plaintiff has suffered consequential, special and general damages in such amounts as shall be proven at trial and further claims for punitive damages for wrongful acts.

## COUNT V

### *(Negligent Infliction of Emotional Distress)*

59.     Plaintiff(s) repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "58" herein with the same force and effect as if the same were set forth at length herein.

60.     Defendants owed Plaintiff a duty to avoid negligently inflicting severe mental and emotional distress upon Plaintiff,  which continues currently.

61.     Defendants caused Plaintiff to suffer severe mental and emotional distress, by placing

him in a position of being in default of a Judgment.

62.     As a direct and proximate result of the wrongful actions and/or omissions of Defendants,  Plaintiff have suffered humiliation, embarrassment, severe anxiety, pain and mental anguish, all to his damage.

63.     As a direct and proximate result of the intentional and/or negligent and/or reckless infliction of emotional distress, Plaintiff demands consequential, special and general damages in such amounts as shall be proven at trial.

## COUNT VI

### *(Intentional Infliction of Emotional Distress)*

64.     Plaintiff(s) repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "63" herein with the same force and effect as if the same were set forth at length herein.

65.     Defendants had a duty to avoid intentionally inflicting severe and emotional distress upon Plaintiff.

66.     Defendants breached their duties to Plaintiff by causing the Plaintiff to suffer extreme and egregious mental and emotional distress, by intentionally and/or recklessly, willfully, and maliciously misleading him regarding his rights to be aware of Defendants' proposed legal actions against him and other wrongful and misleading acts with full knowledge of the extreme and severe damage to his health and wellbeing which  Defendants was causing Plaintiff.

67     As a direct and proximate result of the intentional wrongful actions and conduct and/or omissions of Defendants as alleged above, Plaintiff's health and wellbeing were damaged

causing Plaintiff severe pain and mental anguish, all to his damage.

68.     As a direct and proximate result of the intentional, willful, wanton and malicious acts and conduct towards and against Plaintiff, Defendants caused the Plaintiff harm, including the infliction of emotional distress and pain, mental anguish and anxiety, and Plaintiff demands consequential, special general and punitive damages in such amounts as will be proven at trial

## COUNT VII

### *(Tort of Outrage)*

69.     Plaintiff(s) repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "68" herein with the same force and effect as if the same were set forth at length herein.

70.     Being that Plaintiff is a person and a consumer who is entitled to good faith and fair dealing, who due to the malicious, willful and wanton acts and conduct of Defendants, which was extreme and outrageous, Plaintiff was caused severe emotional distress, mental anguish and anxiety by Defendants wrongfully and falsely deceiving him into defaulting and manufacturing false records to represent that he was served process and wrongfully placing his credit rating and personal capacity in jeopardy.

71.     As a direct and proximate result of the intentional and/or negligent and/or reckless infliction of emotional distress, Plaintiff demands special, general and punitive damages in such amounts as shall be proven at trial.

## COUNT VIII

### *(Unconscionability)*

72.     Plaintiff(s) repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through 71 "" herein with the same force and effect as if the same were set forth at length herein.

73.     Defendants have engaged in unconscionable behavior and acts to the detriment of the Plaintiff, including but not limited to failing to properly serve process upon the Plaintiff in a timely manner and apprise him of their intentions to file a lawsuit against him and making false and misleading representations regarding Plaintiff's knowledge of Defendants' intentions.

74.     As a direct and proximate result of the intentional and/or negligent and/or reckless infliction of emotional distress, Plaintiff demands special, general and punitive damages in such amounts as shall be proven at trial.

75.     As a result of Defendants' violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.     For actual damages provided and pursuant to 15 USC §1692k (a) (1) in the amount of $100,000.00;

B     For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C.     For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D.     For attorneys' fees and costs provided and pursuant to15USC§1692(a) (3);

E.      A declaration that the Defendant's practices violated the FDCPA;

F.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated·     New York, New York
           November 6, 2018

Respectfully submitted,

By: _____

Edward B. Geller,  Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone: (914)473-6783

*Attorney for the Plaintiff AARON J SOLINSKY*

## AFFIRMATION

I, Aaron J. Solinsky, under the penalty of perjury, deposes and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____

Aaron J. Solinsky

_____ [Printed]

Plaintiff

Affirmed before me this 6 day of November 2018

_____

Notary Public

JOEL MERTZ
Notary Public, State of New York
No. 01ME6090135
Qualified in Orange County
Commission Expires April 7, 2019